UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN O'MARA, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | )  No. 4:23-cv-00146-SEP |
| MERIT MECHANICAL, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' Motion for Default Judgment, Doc. [7]. For the reasons set forth below, the motion is granted.

### FACTS & BACKGROUND[1]

Plaintiffs filed suit against Merit Mechanical on February 8, 2023, under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132, and the Labor Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185, alleging that Merit failed to make contributions to the Plumbers and Pipefitters Pension and Welfare Educational Funds and pay dues to the Plumbers and Pipefitters Local 562. Doc. [1] at 2. Merit was served on February 8, 2023, Doc. [3], and it has not filed a responsive pleading or entered an appearance. On March 23, 2023, the Clerk entered Merit's default, Doc. [5], and Plaintiffs now move for default judgment. Doc. [7].

### LEGAL STANDARD

Default judgments are not favored in the law, and prior to granting a default judgment, a court should satisfy itself that the moving party is entitled to judgment by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim. *U.S. ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993); *Monsanto v. Hargrove*, 2011 WL 5330674, at *1 (E.D. Mo. Nov. 7, 2011). Entry of default by the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a) is a prerequisite to the grant of default judgment under Rule 55(b), but whether to grant default judgment is a separate question within

---

[1] On a motion for default judgment, the Court must accept as true the facts alleged in the complaint. *See Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (a defendant has no standing to contest the factual allegations in a complaint once the clerk has entered default).

the discretion of the Court. *See Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015); *Johnson v. Dayton Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998).

"Once a default has been entered on a claim for an indefinite or uncertain amount of damages, 'facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding.'" *Cutcliff v. Reuter*, 791 F.3d 875, 882 (8th Cir. 2015) (quoting *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001)). "The necessity of an evidentiary hearing to determine a plaintiff's damages is committed to the sound discretion of the district court." *Id*. A plaintiff must "prove its actual damages to a reasonable degree of certainty." *Everyday Learning*, 242 F.3d at 819. "[G]eneric reference to evidentiary support for the damages" is insufficient. *Stephenson v. El-Batrawi*, 524 F.3d 907, 917 (8th Cir. 2008).

## DISCUSSION

Under 29 U.S.C. § 1132(g)(2), Plaintiffs are entitled to recover all of the unpaid contributions owed, plus liquidated damages totaling up to 20% of the delinquency, interest, and attorneys' fees and costs. Taking the allegations in the Complaint as true and based on the documentation and affidavits submitted, Plaintiffs are entitled to default judgment in the amount of $260,997.93.[2] Defendant was bound at all relevant times by a valid collective bargaining agreement, and it breached its obligations by failing to timely pay the required contributions. *See* Docs. [8-1] at 30-43. The total amount of unpaid contributions—offset by Merit's prior overpayment and payments collected from third parties—is $158,645.14. *See* Docs. [8-4], [10], [10-1], [10-2]. Liquated damages on the unpaid contributions—including the untimely contributions collected from third parties—total $64,586.63. *See* Docs. [10], [10-1], [10-2]. The interest due on the delinquent contributions is $21,628.23. *See* Docs. [10], [10-1], [10-2]. Defendant was also delinquent on union dues in the amount of $13,579.47. *See* Docs. [10-1], [10-3]. Those amounts are consistent with the terms of the collective bargaining agreement, Docs. [8-1]-[8-3], Merit's fund contribution reports, Doc. [8-4], and calculations submitted by Mr. Mark Collum, the Executive Director of the Plumbers and Pipefitters Welfare Educational Fund, Pension Fund, and Supplemental Pension Fund. Docs. [8-6], [10-1], [10-2], [10-3]. The

---

[2] The Court was unable to calculate Plaintiffs' damages to a reasonable degree of certainty based on the evidence with Plaintiffs' Motion for Default Judgment and supporting documents. The Court thus ordered supplemental briefing, and Plaintiffs obliged. *See* Docs. [9], [10].

Court finds that Mr. Collum's calculations accurately reflect the amounts owed by Merit under the collective bargaining agreement. By virtue of its default, Merit has admitted that it "is bound by various Trust Agreements relating to the Plumbers and Pipefitters Funds" and "failed to make the required contributions and dues payments." *See* Doc. [1] ¶¶ 7, 9.

Plaintiffs also submit the affidavit of attorney Michael Evans. Mr. Evans attests that his firm's standard billing rate for his services is $250.00 per hour and he worked 8.3 hours on this matter for a total of $2,075.00 in attorney's fees. *See* Doc. [8-7]. He also attests that Plaintiffs will be billed $483.46 in costs. *Id.* The Court finds that the requested attorney's fees and costs are reasonable.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment, Doc. [7], is **GRANTED**, and Plaintiffs shall recover from Defendant Merit Mechanical in the amount of $260,997.93.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 5th day of August, 2024.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT COURT